IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **Crim. No. 1:16-cr-108** |
| | : | |
| | : | |
| | : | |
| **v.** | : | |
| | : | |
| | : | |
| **ARTHUR HOUZE** | : | **Judge Sylvia H. Rambo** |

<u>**M E M O R A N D U M**</u>

Before the court is a petition filed by Arthur Houze pursuant to 28 U.S.C. §

2255[1] (Doc. 638), as well as a motion for sentence reduction pursuant to 18 U.S.C.

§ 3582, Amendment 782 and § 404 of the First Step Act (Doc. 654).

**I.      <u>Section 2255 Petition</u>**

In his § 2255 Petition, Houze alleges that his trial counsel was ineffective for

failing to argue that (1) his two prior drug trafficking offenses did not qualify him as

a career offender; (2) he should not have received a two-level gun enhancement; (3)

the officers who searched his vehicle lacked probable cause; and (4) the drug weights

were incorrect.

As a threshold matter, Houze's § 2255 motion was untimely filed. The Anti-

Terrorism and Effective Death Penalty Act ("AEDPA") specifies that, unless certain

specifically-described circumstances exist, a § 2255 motion must be filed within one

---

[1] On March 27, 2019, he filed an amendment to his § 2255 petition. (Doc. 659.)

year of the date the defendant's conviction becomes final on direct appeal. "If a defendant does not pursue a timely direct appeal to the court of appeals, his or her conviction and sentence become final, and the statute of limitations begins to run, on the date on which the time for filing such an appeal expired." *Kapral v. United States*, 166 F.3d 565, 577 (3d Cir. 1999). While there are exceptions to the requirement that a § 2255 motion must be filed within one year of the date the conviction becomes final, none of those exceptions applies here. *See* 28 U.S.C. § 2255.

Houze was sentenced on September 26, 2017, and he did not file a direct appeal. Thus, the time for filing a § 2255 petition expired on October 11, 2018. Houze's unsigned § 2255 motion was filed on October 16, 2018, and states that it was placed in the prison mailing system on "9/ /2018." (Doc. 615, p. 13.) There is no proper indication of when it was placed in the prison mailbox. Houze has the burden of establishing that his motion is timely.

Although the court finds that the petition was untimely filed, it will nonetheless address it on the merits.

### a. Career Offender Classification

Section 4B1.1 of the Sentencing Guidelines provides for an enhanced sentence if the defendant was at least 18 years old at the time the defendant committed the instant offense of conviction; the instant offense of conviction is

either a crime of violence or a controlled substance offense; and the defendant has at least two felony convictions of either a crime of violence or a controlled substance offense.

Houze was over 18 years of age at the time of the instant offense. The offense involved a conspiracy to distribute methamphetamine and cocaine hydrochloride. He had two prior felony drug convictions—one in Dauphin County, Pennsylvania for manufacture, delivery, or possession with intent to manufacture or deliver cocaine/marijuana (Doc. 487, p. 118, ¶ 37), and one in Greensboro, Georgia for trafficking in marijuana (*id.* at p. 19, ¶ 40). Counsel was not ineffective for failing to raise a meritless objection to Houze's classification as a career offender.

### b. Firearms Enhancement

The firearms enhancement was found by the court to be moot and therefore did not affect Houze's sentence. Thus, counsel was not ineffective for failing to raise this issue.

### c. Probable Cause

Because Houze waived his right to trial and entered a knowing and voluntary guilty plea, this claim is moot. Counsel was therefore not ineffective for failing to raise this issue.

### d. Drug Quantities

The drug quantity was agreed to by the parties in the plea agreement (Doc. 392, ¶ 12), which was signed and acknowledged by Houze at his plea hearing. As such, counsel was not ineffective for failing to dispute the drug quantity.

## II.    First Step Act

A covered offense under the First Step Act is defined as "a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act of 2010 (Public Law 111-222; 123 Stat. 2372), that was committed before August 3, 2010." Houze was not convicted of a "covered offense" as defined by the Fair Sentencing Act.[2] Accordingly, he is not entitled to relief under the Act.

## III.    Conclusion

For the reasons set forth above, Houze's motions for relief filed pursuant to § 2255 and the First Step Act will be denied.


<u>s/Sylvia H. Rambo</u>
SYLVIA H. RAMBO
United States District Judge


Dated: May 2, 2019

---

[2] Houze pleaded guilty to a violation of 21 U.S.C. § 846. The Fair Sentencing Act applies to 21 U.S.C. §§ 841 and 960.